UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

KENNY HALL,

                    Plaintiff,

              -against-

CHASE HOME FINANCE,

                    Defendant.
----------------------------------------------------------------x

**MEMORANDUM**
**AND ORDER**
10-CV-1444 (ENV)

VITALIANO, D.J.

On March 29, 2010, plaintiff Kenny Hall filed this civil action seeking relief regarding the mortgage on his home. Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, plaintiff's complaint is dismissed for lack of subject matter jurisdiction. However, the Court grants plaintiff permission to file an amended complaint.

## BACKGROUND

Plaintiff states that on February 27, 2009, Chase Home Finance ("Chase") instituted foreclosure proceedings against him for past due mortgage payments relating to property at 186-23 Pineville Lane, Springfield Gardens, NY 11413. See Compl. at 1. Since that time, plaintiff has "responded and has made attempts for over 10 months to have Chase Home Finance resolve the issue." Id. Plaintiff seeks: "a. reversal of all collection claims by Chase Home Finance; b. reversal of all negative credit agency reporting; c. defining plaintiff's rights to fair and appropriate mortgage modification based on lender's inappropriate and unfair business practices; - punitive damages - property value adjustment and mortgage value adjustment." Compl. at 1, ¶ IV. On top

of the damage claim, the complaint also asks for an "injunction against Chase Home Finance action to foreclosure requested immediately." Compl. at 1.

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se,* his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176 (1980) (citations omitted); see also Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). However, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

## DISCUSSION

While plaintiff states that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332, it is unclear what his basis is for that claim. While the state courts are courts of general jurisdiction, the subject-matter jurisdiction of the federal courts is limited. The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal question jurisdiction, while section 1332 provides for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. Arbaugh v. Y & H Corp., 546 U.S. 500, 513, 126 S. Ct. 1235, 1244

2

(2006) (citing 28 U.S.C. § 1332(a)).

"A plaintiff properly invokes § 1331 jurisdiction when [] he pleads a colorable claim 'arising under' the Constitution or laws of the United States." Id. Deciding whether federal question jurisdiction exists requires making "pragmatic distinctions between those allegations, if any, that raise substantial questions and those that do not. In so doing, we examine 'the nature of the federal question raised in [each] claim to see if it is sufficiently substantial to warrant federal jurisdiction.'" Perpetual Secs., Inc. v. Tang, 290 F.3d 132, 137 (2d Cir. 2002) (quoting Greenblatt v. Delta Plumbing & Heating Corp., 68 F.3d 561, 570 (2d Cir. 1995)) (bracketed text in original). Nevertheless, "[s]imply raising a federal issue in a complaint will not automatically confer federal question jurisdiction. Rather, we ask whether the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction." Id. (internal quotation marks omitted) (emphasis in original).

Here, it is unclear whether complete diversity exists. Plaintiff states that defendant is located in Lewisville, Texas. However, Chase has business offices and mortgage brokers who are located and do business in New York State. Moreover, "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994)). This determination is made based upon the plaintiff's allegations, and not based upon the merits of the case. Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199, 202 (2d Cir. 1984)). "[W]ith mounting federal case loads, . . . it has become doubly important that the district courts take measures to discover those suits which [do

not belong in a federal court] and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the [the minimum statutory jurisdictional amount]." Tongkook, 14 F.3d at 784 (internal quotation marks omitted) (bracketed text in original).

Plaintiff does not state the amount of damages he seeks from defendant, and has not shown to a "reasonable probability" that his claim is for an amount in excess of the $75,000 jurisdictional threshold. Chase Manhattan Bank, 93 F.3d at 1070. However, "before determining that the amount in controversy requirement has not been met, the court must afford the plaintiff an appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of the jurisdictional amount is reasonably possible." Id. (internal quotation marks omitted).

Although plaintiff's complaint fails to provide the Court with a basis for jurisdiction, he attaches a letter to his complaint that he sent to Chase in June 2009, which states that his action arises under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq*. However, plaintiff simply alludes to a violation of TILA without pleading specific facts in support of his claim, and this is not sufficient to confer jurisdiction. Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989); see also Bell v. Hood, 327 U.S. 678, 682-83, 66 S. Ct. 773, 776 (1946)) (a claim invoking federal question jurisdiction may be dismissed for want of subject matter jurisdiction if it "clearly appears to be immaterial" or "wholly insubstantial and frivolous").

## LEAVE TO REPLEAD

For the reasons stated above, this Court lacks subject matter jurisdiction over this matter at the present time.. See Fed. R. Civ. P. 12 (h)(3); Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001). However, pursuant to Federal Rule of Civil Procedure 15(a), the Court grants plaintiff

leave to amend his complaint to replead his TILA claim and/or to allege that complete diversity exists and that "recovery in excess of [$75,000] is reasonably possible," Chase Manhattan Bank, 93 F.3d at 1070 (internal quotation marks omitted), to support diversity jurisdiction.

## CONCLUSION

Plaintiff's *in forma pauperis* complaint is dismissed for lack of subject-matter jurisdiction, see Fed.R.Civ.P. 12(h)(3), and his request for injunctive relief is denied without prejudice. Plaintiff is granted thirty (30) days from the date of this Order to amend his complaint as discussed herein. If plaintiff fails to replead, judgment dismissing the complaint shall enter. Plaintiff's amended complaint must be captioned as an "AMENDED COMPLAINT" and bear the same docket number as this Order. Plaintiff should attach any documents to his amended complaint that support a claim of diversity jurisdiction, including his mortgage documents and loan agreement documents, if available. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days or until plaintiff has complied with this Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21 (1962).

**SO ORDERED.**

Dated: Brooklyn, New York
       May 18, 2010

/S/
_____
ERIC N. VITALIANO
United States District Judge